UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **George Joseph Assets, LLC,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No.: 23-6998 |
| **Westchester Surplus Lines Insurance Company,** | ) |
| **Defendant.** | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that in accordance with 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Westchester Surplus Lines Insurance Company ("WSLIC") hereby removes this civil action from the 24th District Court for the Parish of Jefferson, State of Louisiana to the United States District Court for the Eastern District of Louisiana. In support, Defendant pleads as follows:

1. On August 22, 2022, Plaintiff George Joseph Assets, LLC ("GJA") filed suit against WSLIC in the 24th District Court for the Parish of Jefferson, State of Louisiana, Case No. 845-355 (the "Underlying Lawsuit"). GJA owned the commercial property located at 5801 River Road, Elmwood, Louisiana 70123 (the "Property"). WSLIC issued Policy Number MMF15788288-002 (the "Policy") to GJA insuring the Property. GJA's lawsuit against WSLIC arises from damage to the Property allegedly caused by Hurricane Ida.

## NOTICE IS TIMELY FILED AND PROCEDURALLY PROPER

2. This removal is timely. WSLIC was served with GJA's Petition for Damages through the Louisiana Secretary of State on October 23, 2023. This Notice of Removal has been filed within thirty (30) days of the date of service of the Petition for Damages and complies with

the filing requirement of 28 U.S.C. § 1446(b). A stamped "filed" copy of this Notice of Removal is being filed this day with the Clerk of the 24th District Court for the Parish of Jefferson, State of Louisiana, pursuant to 28 U.S.C. § 1446(d). Moreover, written notice of filing of this Notice of Removal is being served directly on all parties or through their counsel of record by mail and email as indicated in the Certificate of Service and in accordance with 28 U.S.C. § 1446(d).

## VENUE IS PROPER

3. The United States District Court for the Eastern District of Louisiana is the proper venue for removal under 28 U.S.C. § 1441(a) because it encompasses Parish of Jefferson, State of Louisiana.

## DIVERSITY JURISDICTION REQUIREMENTS ARE SATISFIED

4. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between the parties. As such, removal is proper pursuant to 28 U.S.C. § 1441.

5. Plaintiff GJA is a foreign limited liability company, organized and domiciled in the State of Delaware, with its principal place of business in the State of Louisiana.[1] Therefore, GJA is and was at the time of the commencement of the action a citizen of Delaware and Louisiana.

6. Defendant WSLIC is a surplus lines insurer, domiciled in the State of Georgia, with its principal place of business in State of Pennsylvania.[2] Therefore, WSLIC is and was at the time of the commencement of the action a citizen of Georgia and Pennsylvania. Accordingly, complete diversity of citizenship exists between the parties as required by 28 U.S.C. § 1332(a)(1).

---

[1] Petition for Damages ¶ 1.
[2] *Id.* at ¶ 2.

## **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

7. With respect to the amount in controversy, removal is proper if the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1446(c)(2)(B). When, as here, the jurisdictional amount is not alleged in the complaint, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 555 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegations." *Id.*

8. When determining if the amount in controversy is satisfied, "[t]he defendant may satisfy its burden by either (1) 'demonstrating that it is "facially apparent" that the claims are likely to be above $75,000,' or (2) 'setting forth facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support the finding of the requisite amount.'" *Cage v. Am. Sec. Ins. Co.*, 2007 WL 4206809, at *1 (E.D. La. Nov. 21, 2007) (quoting *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999)). In *Cage*, the plaintiff's policy's limit was only $70,000. *Id.* However, in addition to the amount allegedly owed under the policy, the plaintiff sought attorneys' fees and penalties under La.Rev.Stat. § 22.658 and La.Rev.Stat. § 22.1220. *Id.* The court in *Cage* found that, based on the plaintiff's claims, the "[d]efendant could be liable for more than $150,000 under these statutes." *Id.* Accordingly, the court held "it is facially apparent that the amount in controversy is more than $75,000." *Id.*

9. Here, GJA asserts a breach of contract claim alleging WSLIC failed "to timely and adequately pay for all benefits..." including business income losses.[3] GJA also alleges

---

[3] Petition for Damages ¶¶ 25, 44

WSLIC violated La.Rev.Stat. § 22.1892[4] and La.Rev.Stat. § 22.1973[5]. The amount of the claim, combined with GJA's request for statutory penalties under La.Rev.Stat. § 22.1892 and La.Rev.Stat. § 22.1973 make it more than plausible that GJA's damages will exceed $75,000, exclusive of interest and costs.

10. Because the amount in controversy exceeds $75,000 exclusive of interest and costs and complete diversity exists between the parties, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1).

**PROCESS, PLEADINGS, AND ORDERS SERVED**

11. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders from the Underlying Lawsuit are attached as Exhibit A to this Notice of Removal.

12. All other prerequisites for removal under 28 U.S.C. §§ 1441 and 1446 have been satisfied. WSLIC submits this Notice of Removal without waiving any defenses to the claims asserted by GJA or conceding GJA has pleaded claims upon which relief can be granted.

WHEREFORE, WSLIC gives notice that the above-referenced action now pending in the 24th District Court for the Parish of Jefferson, State of Louisiana has been removed to the United States District Court for the Eastern District of Louisiana, pursuant to this Court's original jurisdiction based on diversity of citizenship. WSLIC respectfully requests the Court take jurisdiction of this action and issue all necessary orders and process to remove this action to the United States District Court for the Eastern District of Louisiana.

Dated: November 21, 2023.

---

[4] Formerly La.Rev.Stat. § 22.658.
[5] Formerly La.Rev.Stat. § 22.1220.

Respectfully submitted,

*/s/ Jennifer W. Wall*
Jennifer W. Wall (28257)
Lloyd, Gray, Whitehead & Monroe, P.C. 880 Montclair Road, Suite 100
Birmingham, Alabama 35243
Phone: (205) 967-8822
Fax: (205) 967-2380
jwall@lgwmlaw.com
*Counsel for Defendant Westchester Surplus Lines Insurance Company*

**CERTIFICATE OF SERVICE**

     I hereby certify that on the 21st day of November, 2023, a true and correct copy of the foregoing was served by filing electronically through the Court's ECF system, by email, and by United States Mail upon:

Skye S Fantaci
Kevin R. Sloan
Lillie E Joyce
Gauthier Murphy & Houghtaling, LLC
3500 North Hullen Street
Metairie, Lousiana, 70002
T: (504) 456-8600
F: (504)456-8624
skye@gmhatlaw.com
kevin@gmhatlaw.com
lillie@gmhatlaw.com

*/s/ Jennifer W. Wall*
 *Counsel for WSLIC*