# EXHIBIT A

**24TH DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

**NO.** 845-355 **HURRICANE CASE** **DIVISION "** O **"**

**GEORGE JOSEPH ASSETS, LLC**

**versus**

**WESTCHESTER SURPLUS LINES INSURANCE COMPANY**

**FILED:** ____________________ ____________________ **DEPUTY CLERK**

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, GEORGE JOSEPH ASSETS, LLC, who files this Petition for Damages against Defendant, WESTCHESTER SURPLUS INSURANCE COMPANY, for property damage and other insured losses sustained during Hurricane Ida to 5801 River Road, Elmwood, La., 70123, a property insured by WESTCHESTER SURPLUS INSURANCE COMPANY policy number MMF15788288. Plaintiff respectfully, represents:

## PARTIES

1.

Made Plaintiff herein is GEORGE JOSEPH ASSETS, LLC ("Plaintiff") a foreign limited liability company, organized in and domiciled in Delaware, with a principal place of business in St. Tammany Parish, Louisiana. Plaintiff is duly authorized to do business and is doing business in Jefferson Parish and in the State of Louisiana.

2.

Made Defendant herein is WESTCHESTER SURPLUS INSURANCE COMPANY, ("Westchester") is a surplus lines foreign insurer who is eligible to issue and does issue policies of insurance in the State of Louisiana. Westchester is domiciled in the State of Georgia and its principal place of business, upon information and belief, is located at 436 Walnut Street, Philadelphia, Pennsylvania 19106. Westchester may be served with Process through the Louisiana Secretary of State and Mr. Paul Bech, Esq., Associate General Counsel Chubb, 436 Walnut Street, Philadelphia, Pennsylvania 19106.

24th E-Filed: 08/22/2023 15:01 Case: 845355 Div:O Atty:028241 SKYE S FANTACI

24th E-Filed: 08/22/2023 15:01 Case: 845355 Div:O Atty:028241 SKYE S FANTACI

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over the matters alleged herein as the policy of insurance issued by Westchester was issued and delivered in the State of Louisiana.

4.

Venue is proper in this Parish because the loss occurred in this Parish pursuant to La. C.C.P. art. 76.

## FACTUAL BACKGROUND

5.

On or about July 2, 2021, Westchester entered into a contract of insurance with the Plaintiff in Louisiana, bearing Policy No. MMF15788288-002 whereby a premium was paid to Westchester for an all-risks commercial insurance policy, for Westchester's promise to compensate Plaintiff for all damages and business income losses in the event of a covered loss to the premises located at 5801 River Road, Elmwood, Louisiana 70123 ("insured premises").

6.

At all pertinent times, Westchester transacted the business of insurance in the State of Louisiana and the basis of this suit arises out of such conduct.

7.

At all pertinent times, policy number MMF15788288-002 was in full force and effect with a policy period July 2, 2021, through July 2, 2022.

8.

The Policy issued by Westchester provided coverage limit of $3,200,000.00 for the building and $360,000.00 for business interruption incurred loss. Westchester assessed the risk and provided the coverage limit following their evaluation of the insured premises.

9.

All premiums associated with the policy were paid when due in a timely manner and without delay.

10.

The contract of insurance was entered into by Plaintiff with the reasonable expectation that in return for the payment of the premium, Westchester would abide by the terms of its policy and timely, promptly, and adequately pay for any covered losses which may occur.

11.

On August 29, 2021, while the policy was in full force and effect, the insured premises sustained property damage caused by Hurricane Ida, a major category four hurricane, which made a catastrophic landfall with high sustained winds.

12.

Devastating winds and rains lasted for hours as the hurricane passed over Elmwood, Louisiana. Hurricane Ida caused extensive damage including shredding the power grid and damage to thousands of structures, including the insured premises.

13.

At all pertinent times, Plaintiff owned the insured premises, a commercial building located at 5801 River Road, Elmwood, La. 70123.

14.

As a result of Hurricane Ida, the insured premises sustained extensive damage to the exterior, interior, and roof.

15.

Plaintiff provided timely and proper notice of the claim to Westchester immediately following Hurricane Ida's landfall.

16.

Westchester assigned claim number KY21K2738604 to the loss and assigned the adjustment to a third-party adjusting firm, Sedgwick, to evaluate, investigate and adjust Plaintiff's losses.

17.

In compliance with the policy, Plaintiff began mitigating the loss as soon as possible.

18.

On or about September 8, 2021, Sedgwick inspected the insured premises with adjuster James Reading. Mr. Reading saw firsthand the significant damage to the insured premises due to Hurricane Ida's wind and rain, in particular the roof and interior of the insured premises. At the time of the initial inspection, there was sufficient proof of losses exceeding the Westchester policy limit on the commercial building.

24th E-Filed: 08/22/2023 15:01 Case: 845355 Div:O Atty:028241 SKYE S FANTACI

19.

During the initial inspection, it was also apparent that the Plaintiff would lose income from, *inter alia,* loss tenant rent given the substantial amount of damage to the insured premises. The Westchester assigned adjuster did not disagree that business interruption was due to the Plaintiff but, to date, has failed to tender any amount toward business interruption including failure to tender an advance to cover business interruption expenses.

20.

Upon information and belief, Sedgwick issued its first report and estimate on November 9, 2021, more than sixty (60) days from the date the claim was reported and more than sixty (60) days from the inspection date, acknowledging that the insured premises sustained a Replacement Cost Value loss of $2,805,001.92.

21.

Believing that additional damages were sustained to the insured premises, Sedgwick re-inspected the insured premises again on December 14, and 15, 2021.

22.

Following these second inspections, upon information and belief, on January 31, 2022, Sedgwick issued a second report acknowledging that the insured premises sustained a Replacement Cost Value loss of $3,915,694.60, an amount exceeding the policy limit.

23.

Westchester did not issue payment for the full limit of the building until April 6, 2022, more than seven (7) months from the day the claim was reported, more than seven (7) months from the date of the initial inspection, more than six (6) months from its evaluation that the claim was, at a minimum, worth $2, 805,001.92, and did not pay the limit of insurance for over two (2) months from the date Sedgwick acknowledged the same was due and owed to Plaintiff. There are no good reasons for the delay in these payments given that the observable and documented evidence at all inspections by Westchester showed that the insured premises was a total loss due to Hurricane Ida.

24.

The delays and underpayment by Westchester have caused significant losses to the insured and allowed for a significant increase in the costs to place the building into pre-loss condition as well as consequential damages.

24th E-Filed: 08/22/2023 15:01 Case: 845355 Div:O Atty:028241 SKYE S FANTACI

25.

Plaintiff is entitled to recover all benefits due under the Westchester policy resulting from Hurricane Ida including business income losses, and recoverable depreciation. To date, despite being on notice that a business income loss claim is pending and despite acknowledging substantial damage related to the Hurricane to the insured premises, Westchester has tendered no amounts on the business income claim.

26.

Westchester was given full access to insured premises at all times and during all requested inspections Westchester had ample opportunity to view the extensive damage to the insured premises.

27.

Louisiana law provides claims handling timelines which are strictly construed.

28.

Insurers have the duty to initiate loss adjustment of a property damage claim within thirty (30) days after the notification of loss by a claimant for a catastrophic loss which may be extended by the Insurance Commissioner. La. R.S. §22:1892(A)(3).

29.

Under La. R.S. §22:1892(A)(1), insurers must pay the amount of any claim due within thirty (30) days after receipt of satisfactory proof of loss.

30.

Under La. R.S. §22:1892(A)(4), all insurers must make a written offer to settle any property damage claim, within thirty (30) days after receipt of satisfactory proof of loss of that claim.

31.

The arbitrary, capricious, or without probable cause failure to comply with La. R.S. §22:1892(A)(1) and §22:1892(A)(4) subjects the insurer to a penalty, in addition to the amount of loss, of fifty (50%) percent on the amount found to be due from the insurer to the insured or $1,000, whichever is greater. If partial payment of tender is made, the penalty is fifty (50%) percent of the difference between the amount paid or tendered and the amount due. These penalties are in addition to reasonable attorney fees and costs. La. R.S. §22:1892(B)(1).

24th E-Filed: 08/22/2023 15:01 Case: 845355 Div:O Atty:028241 SKYE S FANTACI

32.

Under La. R.S. §22:1973(A), insurers have an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with the insured. Failing to pay the amount of any claim due to any insured within sixty (60) days after satisfactory proof of loss when such failure is arbitrary, capricious, or without, probable cause is a breach of the insurer's affirmative duty. La. R.S. §22:1973(B)(5).

33.

In addition to any general or specific damages to which the insured is entitled to, a breach of the 60-day timeline subjects the insurer to penalties in an amount not to exceed two (2) times the damages sustained or $5,000, whichever is greater. La. R.S. §22:1973(C).

34.

An insurer has satisfactory proof of loss once it has sent an adjuster to inspect the property, even if the adjuster provides an incomplete report, because the insurance company had the opportunity to discover the extent of the damages. *J.R.A. Inc. v. Essex Ins. Co.*, 2010-0797 (La. App. 4 Cir. 5/27/11), 72 So. 3d 862; *see also Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

35.

The statutory timeline starts from the initial inspection and not from any final report by the insurer. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

36.

In compliance with its duties, Plaintiff cooperated with Westchester and its consultants, by making the property fully and reasonably available for the viewing of the physical loss evidence on multiple occasions.

37.

Westchester was provided sufficient proof of loss during its initial and subsequent inspection which inspections revealed substantial evidence of the damages to the insured premises as well as the loss related to business income.

38.

Westchester, through their consultants knew or should have known that undisputed amounts must be disbursed and could not be delayed because other portions of the claim have not

24th E-Filed: 08/22/2023 15:01 Case: 845355 Div:O Atty:028241 SKYE S FANTACI

been decided. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

39.

Despite being on notice that the claim met or exceeded the policy limit as of September 8, 2021, Westchester failed to timely and reasonably adjust the loss, and pay the undisputed damages, without good reason, in violation of La. R.S. §22:1973 and La. R.S. §22:1892.

40.

Despite Westchester's failure to timely pay the evidenced and documented losses, Plaintiff has continued to reasonably work with Westchester and their consultants to ensure compliance with its duties under the policy including but not limited to allowing inspections and agreeing to meet with Westchester's retained professionals. This cooperation in no way absolves Westchester from its duties under the law.

41.

Westchester has unjustifiably failed and/or refused to perform its obligations under the policy and have wrongfully or unfairly limited payment on the Plaintiff's claim.

42.

Upon information and belief, Westchester purposely and/or negligently: a) failed to timely tender proceeds due after having received satisfactory proof of loss; b) misrepresented the terms and conditions of the Policy at issue; c) conducted the investigation and claims handling in bad faith; d) manipulated and/or set its pricing software to artificially suppress the cost of repairs below market value; e) failed to adequately pay for losses as required by the Policy, and/or f) failed to include adequate overhead and profit in its estimates of damages.

**CAUSES OF ACTION**

43.

Each section below containing a cause of action fully incorporates all facts and allegations set forth in each section previously set forth herein.

**BREACH OF CONTRACT**

44.

Westchester breached the terms of the policy when it unjustifiably failed and/or refused to perform its obligations in accordance with its policy and Louisiana law by failing to timely and adequately pay for all benefits due to the Plaintiff.

24th E-Filed: 08/22/2023 15:01 Case: 845355 Div:O Atty:028241 SKYE S FANTACI

24th E-Filed: 08/22/2023 15:01 Case: 845355 Div:O Atty:028241 SKYE S FANTACI

45.

This breach of the insurance contract was and is the direct and proximate cause of damage to the Plaintiff.

46.

By virtue of the breach of contract, Westchester is liable to and owes Plaintiff for the actual damages sustained as foreseeable and a direct result of the breach and all other damages the Plaintiff may prove as allowed by the law.

**BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

47.

Westchester received satisfactory proof of the loss indicating the insurance benefits due to the Plaintiff but failed to timely investigate, pay, and settle the loss. Failure to make such sufficient payment within thirty (30) days was arbitrary, capricious, and without probable cause, subjecting Westchester to a penalty, in addition to the amount of the loss, of 50% of damages on the amount found to be due from the insurer, as well as reasonable attorney's fees and costs pursuant to La. R.S. §22:1892.

48.

Westchester owes Plaintiff an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle such claims but breached that affirmative duty by failing to pay all amounts due on this claim within thirty (30) days of receiving satisfactory proof of loss by acting in an arbitrary, capricious, and without probable cause manner, subjecting Westchester to a penalty of two times the amount of damages sustained, or $5,000, whichever is greater, pursuant to La. R.S. §22:1973 and any consequential damages sustained as a result of Westchester's breach of its duties.

**DAMAGES**

49.

As a result of the actions of the Westchester, Plaintiff has suffered the following nonexclusive list of damages past, present, and future in amounts reasonable in the premises:

a. Cost of repair and remediation expenses;

b. Business income losses and lost rental expenses;

c. Actual damages related to the increased cost of repairs;

d. Consequential damages;

e. Attorney's fees and penalties;

f. Costs of this litigation and any pre-litigation costs related to the insurer's failure to make adequate insurance payments, interest on all damages; and

g. All other legal and equitable relief.

**PRAYER FOR RELIEF**

50.

WHEREFORE, Plaintiff herein, GEORGE JOSEPH ASSETS, LLC, prays that this Petition for Damages be filed into the record, and that Defendant, WESTCHESTER SURPLUS INSURANCE COMPANY, be cited to appear and answer same, and after due proceedings are had, there be judgment rendered in favor of Plaintiff, GEORGE JOSEPH ASSETS, LLC, and against Defendant, WESTCHESTER SURPLUS INSURANCE COMPANY, for all damages as are reasonable in the premises, for all costs incurred in this matter, along with legal interest from the date of judicial demand until paid, all statutory penalties and attorney's fees, and all general and equitable relief available.

Respectfully Submitted,

GAUTHIER MURPHY & HOUGHTALING, LLC

SKYE S. FANTACI (28241)
KEVIN R. SLOAN (34093)
LILLIE E. JOYCE (33916)
3500 North Hullen Street
Metairie, Louisiana, 70002
Telephone: (504) 456-8600
Facsimile: (504) 456-8624
Emails: skye@gmhatlaw.com
kevin@gmhatlaw.com
lillie@gmhatlaw.com

Attorneys for Plaintiff, GEORGE JOSEPH ASSESTS, LLC

Please serve this Petition for Damages, Request for Notice, Verification, and Hurricane Case Management Order, 24th Judicial District Court, Parish of Jefferson

WESTCHESTER SURPLUS INSURANCE COMPANY
Through its Registered Agent for Service of Process
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

WESTCHESTER SURPLUS INSURANCE COMPANY
Through Mr. Paul Bech, Esq.,
Associate General Counsel Chubb
436 Walnut Street
Philadelphia, PA 19106-3703

24th E-Filed: 08/22/2023 15:01 Case: 845355 Div:O Atty:028241 SKYE S FANTACI

**Chelsea Tassin**

| | |
|---|---|
| **From:** | Chelsea Tassin |
| **Sent:** | Wednesday, August 23, 2023 4:11 PM |
| **To:** | 'skye@gmhatlaw.com' |
| **Subject:** | 845-355 |

In order to fully process your e-file we will need a service check made payable to East Baton Rouge Sheriffs Office for $40.44 and a check made payable to Secretary of State for $50.00.

Effective Immediately;

On all Hurricane Ida suits, a special master fee will be collected. The plaintiff is responsible to pay $62.50. This is a one-time fee per case. It needs to be a separate check payable to "Special Master Fee".

EBRS - 40.44 # 50821
SOS - 50.00 # 50821
SMF - 62.50 # 50823

**Mandy Plaisance**
***Civil Minute Clerk, Div. "I"***
***24th Judicial District Court Div. "I"***
***Jefferson Parish Clerk of Court***
Thomas F. Donelon Courthouse
200 Derbigny St. Ste. 3600
Gretna LA 70053
Phone: (504) 364-3912
Fax: (504) 364-3780

Please be advised that any information provided to the Jefferson Parish Clerk of Court may be subject to disclosure under the Louisiana Public Records Law. Information contained in any correspondence, regardless of its source, may be a public record subject to public inspection and reproduction in accordance with the Louisiana Public Records Law, La. Rev. Stat. 44:1 et seq.

This message is intended only for the use of the individual or entity to which it is addressed. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender of this e-mail or by telephone

**Chelsea Tassin**
***Department Head, Civil Division***
***Second Parish Court***
***Jefferson Parish Clerk of Court***
100 Huey P. Long Ave.

24TH DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 845-355 HURRICANE CASE DIVISION " O "

GEORGE JOSEPH ASSETS, LLC

versus

WESTCHESTER SURPLUS LINES INSURANCE COMPANY

FILED: ____________________ ______________________________

DEPUTY CLERK

**VERIFICATION**

The undersigned, GEORGE ACKEL, III, as a member of and with authority to make this Verification on behalf of GEORGE JOSEPH ASSETS, LLC, Plaintiff in the above-captioned matter, has reviewed the Petition for Damages, hereby verifying that the statements contained in the Petition for Damages are true and correct to the best of his knowledge, information, and belief.

Dated: 8/21/2023

Name: GEORGE ACKEL, III,

Signed: ______________________

Notary Public: ______________________

Commission is for Life

Skye S. Fantaci
NOTARY PUBLIC
La. Bar No. 28241, La. Notary No. 68091
My Commission is for Life.

24th E-Filed: 08/22/2023 15:03 Case: 845355 Div:O Atty:028241 SKYE S FANTACI

**24TH DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

**NO.** 845-355 **HURRICANE CASE** **DIVISION " "**

**GEORGE JOSEPH ASSESTS, LLC**

**versus**

**WESTCHESTER SURPLUS LINES INSURANCE COMPANY**

O

**FILED:** ______________________ ______________________________

**DEPUTY CLERK**

**REQUEST FOR NOTICE**

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, GEORGE JOSEPH ASSESTS, LLC, who pursuant to La. Code Civ. Proc. Article 1572, hereby requests written notice at least ten (10) days in advance of the date fixed for the trial or hearing of any exception, motion, rule or trial on the merits in the captioned proceeding and, pursuant to La. Code Civ. Proc. Articles 1913 and 1914, hereby requests immediate notice of all interlocutory and final orders and judgments on exceptions, motions, rules, or the trial on the merits in the captioned proceeding.

Respectfully Submitted,

GAUTHIER MURPHY & HOUGHTALING LLC

[signature]
SKYE S. FANTACI (28241)
KEVIN R. SLOAN (34093)
LILLIE E. JOYCE (33916)
3500 North Hullen Street
Metairie, Louisiana, 70002
Telephone: (504) 456-8600
Facsimile: (504) 456-8624
Emails: skye@gmhatlaw.com
kevin@gmhatlaw.com
lillie@gmhatlaw.com
Attorneys for Plaintiff, GEORGE JOSEPH ASSESTS, LLC

24th E-Filed: 08/22/2023 15:03 Case: 845355 Div:O Atty:028241 SKYE S FANTACI

**Chelsea Tassin**

**From:** Chelsea Tassin
**Sent:** Wednesday, August 23, 2023 4:11 PM
**To:** 'skye@gmhatlaw.com'
**Subject:** 845-355

In order to fully process your e-file we will need a service check made payable to East Baton Rouge Sheriffs Office for $40.44 and a check made payable to Secretary of State for $50.00.

Effective Immediately;

On all Hurricane Ida suits, a special master fee will be collected. The plaintiff is responsible to pay $62.50. This is a one-time fee per case. It needs to be a separate check payable to "Special Master Fee".

EBRS - 40.44 # 50821
SOS - 50.00 # 50821
SMF - 62.50 # 50823

**Mandy Plaisance**
***Civil Minute Clerk, Div. "I"***
***24th Judicial District Court Div. "I"***
***Jefferson Parish Clerk of Court***
Thomas F. Donelon Courthouse
200 Derbigny St. Ste. 3600
Gretna LA 70053
Phone: (504) 364-3912
Fax: (504) 364-3780

Please be advised that any information provided to the Jefferson Parish Clerk of Court may be subject to disclosure under the Louisiana Public Records Law. Information contained in any correspondence, regardless of its source, may be a public record subject to public inspection and reproduction in accordance with the Louisiana Public Records Law, La. Rev. Stat. 44:1 et seq.

This message is intended only for the use of the individual or entity to which it is addressed. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender of this e-mail or by telephone

**Chelsea Tassin**
***Department Head, Civil Division***
***Second Parish Court***
***Jefferson Parish Clerk of Court***
100 Huey P. Long Ave.

12300758

**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

FILED FOR RECORD 08/23/2023 16:03:04
Chelsea Tassin DY CLERK
JEFFERSON PARISH LA

**IN RE: HURRICANE IDA CLAIMS**

**FILED:___________________** **___________________ DEPUTY CLERK**

**STANDING CASE MANAGEMENT ORDER REGARDING CERTAIN PROPERTY DAMAGES SUITS ARISING FROM HURRICANE IDA**

On August 29, 2020, Hurricane Ida came ashore near Port Fourchon, Louisiana and traveled through Jefferson Parish. As a Category 4 (near 5) hurricane, it was the fifth strongest storm to ever impact the United States. Hurricane Ida tied the Last Island Hurricane in 1856 and Hurricane Laura in 2020 as the strongest to strike Louisiana, based on wind speed. The President of the United States issued a Declaration of a Major Disaster for the State of Louisiana on August 29, 2021. (*See* FEMA-4611-DR.) The Declaration expressly includes Jefferson Parish as an "adversely affected area by this major disaster."[1] Major Hurricane-force winds, with gusts in excess of 155 mph, covered the entirety of Jefferson Parish, and inflicted catastrophic damage throughout this Court's jurisdiction. Hurricane Ida may sometimes hereinafter be referred to as the "Hurricane," and the causes of action arising therefrom may sometimes be referred to as "the Hurricane Cases."

In the aftermath of this catastrophic natural disaster, this Court recognizes that it will soon preside over substantial volumes of insurance coverage-related litigation linked to the Hurricane. Additionally, and like so many other courts across the globe, this Court has faced significant challenges to conducting court business for the better part of a year, as a result of the on-going COVID-19 pandemic. The residents and businesses of Louisiana have similarly struggled to cope with the negative economic impact of COVID-19, even before Hurricane Ida.

EFILE: 01/05/2023 12:51 PM JEFF PAR 7417832 david $0.00 ::: 12300758 MORTGAGE BOOK 5014 PAGE 102

[1] https://www.fema.gov/disaster-federal-register-notice/4611-dr-la-initial-notice

01/05/2023 12:51:22 CERTIFIED TRUE COPY - Pg:1 of 14 - Jefferson Parish Clerk of Court: 231839



12300758

In the weeks following Hurricane Ida, many related lawsuits will be filed and be pending before this Court. In Act 318 of the 2020 Regular Session the Louisiana Legislature amended the laws expanding judicial authority related to special masters and mandatory mediation in cases stemming from certain major disasters ("Act 318").[2]

Act 318 authorizes this Court to enter this CMO, and after consultation with and upon the recommendation of the Special Master and in consideration of the high volume of cases from Jefferson Parish in state and federal courts, this Court finds it warranted to enter this CMO to best accommodate the adjudication of Hurricane Cases in this Court.

Accordingly, this Court's aim continues to be the just and expedient resolution of these related matters, in spite of the increased strain on the Court's resources, and with the primary goal of enabling the Jefferson Parish community to move forward with crucial recovery efforts, in the aftermath of Hurricane Ida, and the COVID-19 pandemic. In consideration of these aims and the law, after due consideration of the Case Management Orders and discovery protocols implemented by the 14th Judicial District Court and the U.S. District Court for the Western District of Louisiana following Hurricanes Laura and Delta, the 24th Judicial District Court issues the instant Case Management Order, to-wit:

**IT IS HEREBY ORDERED** that this Case Management Order shall be immediately applicable to all Hurricane Cases.

**SECTION 1. DISASTER PROTOCOLS FOR INITIAL DISCOVERY**

The Court has reviewed the Disaster Litigation Initial Discovery Disaster Protocols adopted by 14th Judicial District Court and the U.S. District Court for the Western District of Louisiana following Hurricanes Laura and Delta filed in those courts. The Federal Court considered the Disaster Protocols implemented by the U.S. District Court for the Southern District of Texas following Hurricane Harvey. The 14th Judicial District Court considered the Disaster Protocols implemented by the Federal Courts. These Disaster Protocols call for prompt sharing of specific information to promote uniformity, to facilitate prompt evaluation of each case, to foster communication between the parties, and to facilitate an

EFILE: 01/05/2023 12:51 PM JEFF PAR 7417832 david $0.00 ::: 12300758 MORTGAGE BOOK 5014 PAGE 102

[2] *See* La. R.S. 13:4165(F).

01/05/2023 12:51:22 CERTIFIED TRUE COPY - Pg:2 of 14 - Jefferson Parish Clerk of Court: 231839

12300758

expedited mediation procedure. Accordingly, on ____________, 2022, this Court issued a Standing Order for Disaster Discovery Protocols in Certain Property Damage Suits Arising from Hurricane Ida ("Disaster Discovery Protocols") therefore,

**IT IS FURTHER ORDERED** that the Disaster Discovery Protocols Initial Discovery Protocols are deemed incorporated into this CMO *in extenso* and are applicable to all Hurricane Cases filed in this Court. The disclosures and exchange of information required by the Disaster Discovery Protocols Order issued on ________________, 2022 shall be due forty-five (45) days from the date that defendant files responsive pleadings. This deadline may sometimes hereinafter be referred to as the "Disclosure Deadline." No extension or delay in the time to file responsive pleadings shall extend the Disclosure Deadline to more than 75 days from the original deadline to file responsive pleadings unless the extension is by the consent of all parties or pursuant to an express Order of the Court.

**IT IS FURTHER ORDERED** that each party shall supplement their Initial Disclosures at least fifteen (15) days prior to any scheduled mediation pursuant to the CMO.

Nothing in this Section prevents other discovery in accordance with the provisions of the Code of Civil Procedure, except that requests for subpoenas and subpoenas *duces tecum* shall not be submitted during the SSP without pre-approval of the Special Master or leave of the Court.

## SECTION 2. SPECIAL MASTER AND APPOINTED NEUTRALS

Considering the foregoing reasons supplied by the Court in the introduction, *supra*, the Court finds that exceptional circumstances exist which warrant the appointment of a Special Master to assist with the efficient and fair administration of all Hurricane Cases. Pursuant to the Court's inherent judicial power and its authority under La. R.S. 13:4165, *et seq*,

**IT IS FURTHER ORDERED** that JONATHAN C. PEDERSEN, BLAIR C. CONSTANT and DONALD MASSEY, are hereby appointed as the Special Masters (hereinafter "Special Master") for Hurricane Cases in the 24th Judicial District Court.

EFILE: 01/05/2023 12:51 PM JEFF PAR 7417832 david $0.00 ::: 12300758 MORTGAGE BOOK 5014 PAGE 102

01/05/2023 12:51:22 CERTIFIED TRUE COPY - Pg:3 of 14 - Jefferson Parish Clerk of Court: 231839

12300758

As part of this appointment, the Court mandates that the Special Master shall proceed with all reasonable diligence, and shall exercise the respective rights and responsibilities to direct the Streamlined Settlement Process ("SSP") as provided in this Order.

**IT IS HEREBY FURTHER ORDERED** that the Appointed Neutrals, referenced in Section 3(B)(2)(a), *infra*, are hereby appointed and shall proceed with all reasonable diligence and shall exercise their rights and responsibilities under the Streamlined Settlement Process ("SSP") as the Special Master may direct.

A. **The Special Master.** The Special Master shall administer, coordinate, and preside over the SSP. This authority includes the power to order parties and/or party representatives with full power of settlement to submit briefings, engage in discovery, and attend settlement conferences. Nothing in this part shall prevent regular formal discovery or motions to compel to be filed with and heard by the assigned District Judge.

B. **Compensation of Special Master and Appointed Neutrals.** The Special Master and all other appointed neutrals under the SSP (the "Appointed Neutrals") shall be compensated in the amount of:

(1) $400 per hour for the Special Master;

(2) $400 per hour for the Appointed Neutrals;

(3) $250 per case for the Special Master for administrative expenses in administering, scheduling, organizing, and coordinating the Streamlined Settlement Process for each case amongst the parties as well as with the Appointed Neutrals and shall be paid by the parties at the time their respective initial pleadings are filed; and

(4) All actual expenses of the Special Master and Appointed Neutrals, including but not limited to travel, meeting rooms and video conference means.

Unless otherwise directed by mutual agreement of the parties or as otherwise directed by the Special Master, all of the above fees and expenses shall be paid twenty-five percent (25%) by the plaintiff(s) and seventy-five (75%) by the defendant(s).

EFILE: 01/05/2023 12:51 PM JEFF PAR 7417832 david $0.00 ::: 12300758 MORTGAGE BOOK 5014 PAGE 102

01/05/2023 12:51:22 CERTIFIED TRUE COPY - Pg:4 of 14 - Jefferson Parish Clerk of Court: 231839



12300758

C. **Role of Special Master and Appointed Neutrals**

(1) The Special Master and Appointed Neutrals may communicate ex parte with the Court when deemed appropriate by the Court, or the Special Master, without providing notice to the parties, including communication certifying that the parties have complied with the requirements of the SSP.

(2) The Special Master and Appointed Neutrals may initiate contact and communicate with counsel for any party as he or she deems appropriate with respect to the efficient administration and management of the SSP.

(3) The Special Master and Appointed Neutrals, the parties, and those assisting the foregoing shall be bound by the confidentiality of the settlement discussions.

(4) The Special Master may designate any of the Appointed Neutrals to act as his deputy from time to time and to perform any duties of the Special Master.

D. **Notice of Opt-Out Motion to the Special Master.** Any party to a Hurricane Case may file a motion with the assigned District Judge requesting an opt out from the SSP for good cause shown, which motion must be filed within the time delay contained in Section 3, *infra*.

**IT IS FURTHER ORDERED** that any party filing an opt out motion shall copy the Special Master, and that the parties shall provide notice of the Court's Order on the motion to opt out to the Special Master, regardless whether the motion to opt out is granted or denied.

**IT IS FURTHER ORDERED** that counsel for any party to a Hurricane Case that has been provided a copy of this Order shall be required to provide email notice to the Special Master of the initial pleadings and all subsequent filings in any Hurricane Case (knowledge of this provision is presumed where counsel for the party has been provided a copy of this Order). The Special Master shall send an Initial Informational Package on the SSP to all parties and/or counsel of record for Hurricane Cases subject to the SSP.

EFILE: 01/05/2023 12:51 PM JEFF PAR 7417832 david $0.00 ::: 12300758 MORTGAGE BOOK 5014 PAGE 102

01/05/2023 12:51:22 CERTIFIED TRUE COPY - Pg:5 of 14 - Jefferson Parish Clerk of Court: 231839

12300758

## SECTION 3. STREAMLINED SETTLEMENT PROCESS ("SSP")

Within 30 days of the filing of the defendant's responsive pleading (or within 15 days of the transmittal to their counsel of a copy of this Order, including by electronic or other means - whichever is later), either party may file a motion to opt out of this Streamlined Settlement Process ("SSP") for good cause shown. A motion to opt-out of the SSP is not a responsive pleading for any deadline contained in this CMO. Unless the Court authorizes an opt-out, the parties shall participate in the three-stage Streamlined Settlement Process, which is described as follows:

A. **First Stage: Initial Settlement Conference with Special Master.** Within 30 days of the Disclosure Deadline in all Hurricane Cases, all parties shall participate in an informal settlement conference with the Special Master or his Deputy. In light of the COVID-19 pandemic as well as the desire to resolve the Hurricane Cases as expeditiously as possible, settlement conferences should be conducted, where possible, by phone or audiovisual communication, including but not limited to Zoom, Skype, or similar platforms. Counsel for each plaintiff and for each defendant must have full authority from their clients to resolve the case, who shall be readily available by telephone if circumstances for that particular settlement conference require assistance.

B. **Second Stage: Mediation.** Cases that do not resolve during the initial settlement conference shall be set for a formal mediation. The Special Master shall assign each Hurricane Case to an Assigned Neutral from the court approved list found in Paragraph B(2) of this Subsection, and it is the goal that Assigned Neutrals complete mediation within 70 days of appointment. The Special Master (or Appointed Neutral for the case) may set a scheduling conference, or communicate with counsel about availability through other means, but shall seek to schedule the mediations in an expeditious manner at mutually convenient times and dates for all parties.

(1) **Conduct of Mediation.**

(a) After scheduling of an agreed mediation, counsel for each party shall submit confidential statements solely to the appointed neutral. The appointed neutral shall determine, after conferring with the parties, on the length of the

EFILE: 01/05/2023 12:51 PM JEFF PAR 7417832 david $0.00 ::: 12300758 MORTGAGE BOOK 5014 PAGE 102

01/05/2023 12:51:22 CERTIFIED TRUE COPY - Pg:6 of 14 - Jefferson Parish Clerk of Court: 231839

12300758

confidential mediation statements and the permissible number of exhibits attached thereto.

(b) Plaintiff(s) shall be present in-person along with counsel (subject to accommodations approved by the case's Appointed Neutral). Defense counsel shall also attend in-person. A representative from defendant(s) is encouraged to attend, but unless otherwise directed by the Special Master the defendant(s) representative shall not be required to attend if counsel for the defendant has full authority to resolve the case. In addition, a representative of the defendant shall be readily available by telephone, if circumstances for that particular mediation require assistance.

(c) To the extent agreed by the parties and the case's Appointed Neutral, this mediation conference may be conducted by phone or other means of electronic audio or video communication, including but not limited to Zoom, Skype, or similar platforms.

(d) As part of this Streamlined Settlement Process, the attendees may each make opening statements but there shall be no live witness testimony.

(2) **Approved Neutrals.** The Court hereby initially designates and appoints the following individuals as "neutrals" (mediators) for the SSP:

(a) Any person designated by the Special Master after consultation with the Court who is qualified pursuant to R.S. 13:4165(F)(5)(6), including:

| | |
|---|---|
| Hon. Carolyn Gill-Jefferson (ret.) | Hon. “Rusty” Knight (ret.) |
| Hon. Cornelius Regan (ret.) | Hon.Ronald J. Sholes (ret.) |
| Hon. Franz Ziblich (ret.) | Ashley Bass, Esq. |
| Jacques Bezou, Esq. | Robert Raymond, Esq. |
| Blair C. Constant, Esq. | Bobby M. Harges, Esq. |
| Michelle Craig, Esq. | Ross Legarde, Esq. |
| Fred Herman, Esq. | Jonathan Pedersen, Esq. |
| Donald Massey, Esq. | Chadwick J. Mollere, Esq. |
| Roger A. Javier, Esq. | Bryan Reuter, Esq. |
| Ronald L. Faia, Jr., Esq. | Hon. Glenn Ansardi (ret.) |
| Joseph Hassinger, Esq. | Stacy Palowsky, Esq. |
| Brigid Collins, Esq. | |

EFILE: 01/05/2023 12:51 PM JEFF PAR 7417832 david $0.00 ::: 12300758 MORTGAGE BOOK 5014 PAGE 102

JON A. GEGENHEIMER

01/05/2023 12:51:22 CERTIFIED TRUE COPY - Pg:7 of 14 - Jefferson Parish Clerk of Court: 231839

(b) Any person designated as a neutral pursuant to any Case Management Order that the U.S. District Court for the Eastern District of Louisiana may enter in connection with Hurricane Ida cases.

(3) **Neutral Training.** The Special Master may undertake to provide special training to the neutrals, including coordinating participation in training prepared for the Streamlined Settlement Process. The Special Master and his Deputy may jointly form a plaintiffs' liaison committee and a defense liaison committee or may coordinate with any related Federal Court liaison committees for Hurricane Cases. If formed, the Special Master or his Deputy may solicit input and responses concerning commonly occurring legal issues that the liaison committees, from experience, believe may arise in a large number of these cases, along with relevant case law or other authority addressing these issues. While the ultimate determination of any such common issue may well be fact driven, and the outcome of any legal issue will be determined by the Court, the Special Master or his Deputy may seek this information in order to educate and fully prepare the appointed neutrals with the hope of expediting the settlement process. The Special Master or his Deputy may facilitate discussions by and among the appointed neutrals to promote, to the extent possible, consistency in the resolution of cases.

(4) **Neutral Reporting.** Within 5 days of the mediation date, the Neutral shall inform the Special Master of the outcome of the mediation.

(5) **Stipulation for Mediation.** The Neutral, the Parties and counsel for the parties must execute the Stipulation for Mediation attached hereto as Exhibit A.

C. **Third Stage: Final Settlement Conference with Special Master.** In the event a case does not settle during the Mediation Phase, the parties shall participate in a final settlement conference with the Special Master or his Deputy. The Special Master should aspire to conduct this final settlement conference within 45 days of receiving notice from the Neutral that a particular case did not settle during the mediation phase. To facilitate this final settlement conference, the Special Master or his Deputy may require the parties to submit additional mediation statements and set restrictions upon the number and type of exhibits attached thereto. The Special Master

EFILE: 01/05/2023 12:51 PM JEFF PAR 7417832 david $0.00 ::: 12300758 MORTGAGE BOOK 5014 PAGE 102



01/05/2023 12:51:22 CERTIFIED TRUE COPY - Pg:8 of 14 - Jefferson Parish Clerk of Court: 231839

or his Deputy may also communicate with the Neutral who conducted the mediation so as to facilitate a productive final settlement conference. A scheduling order will not be entered by the Court unless the Special Master or his Deputy have filed a certificate into the record attesting that all parties have participated in the final settlement conference with the Special Master or his Deputy.

D. **Extensions of Time.** Upon a joint request by the parties, for other good cause shown, or for case management purposes, the Special Master or his deputy may extend any deadline specified in this Order by up to 15 days.

**SECTION 4. COURT APPOINTED UMPIRES REQUIRED UNDER POLICIES**

If an insurance policy implicated in a Hurricane Case provides for court appointment of a neutral or third appraiser for valuation disputes (hereinafter referred to as an "Umpire"), any request for the appointment by this Court of an Umpire shall only occur if the parties have been unable to agree on their own.

A. **Where Parties HAVE been allowed to Opt Out of the SSP.** If any party has been permitted to opt out of the SSP following a timely motion for the same, any party requesting appointment of an Umpire shall file a motion requesting same with the case's assigned District Judge, which motion shall be set for contradictory hearing. Counsel for either or both the Insured and the Insurer may also submit a joint motion requesting appointment of an Umpire to the Civil Duty Judge, who may agree to hear the motion during their respective duty week.

B. ***Where Parties Have NOT Opted Out of the SSP.*** In all other cases, any request for the appointment by the Court of an Umpire shall be made in writing no later than 14 days following the filing of the defendant's responsive pleading. Any motion or request for this Court's appointment of an Umpire shall be submitted to the Special Master in the same manner as provided for a discovery dispute under the SSP, and the parties shall notify the Special Master and transmit the Umpire request to the Special Master via email at *jcpedersen@specialmasterservices.com*. The deadline may be extended by the Special Master in exceptional circumstances.

C. ***Umpire-Only Filing.*** If a requesting party is seeking court appointment of an Umpire and no case is otherwise filed or pending before this Court (an "Umpire Only Filing"), then the parties shall follow the same procedures in

EFILE: 01/05/2023 12:51 PM JEFF PAR 7417832 david $0.00 ::: 12300758 MORTGAGE BOOK 5014 PAGE 102

01/05/2023 12:51:22 CERTIFIED TRUE COPY - Pg:9 of 14 - Jefferson Parish Clerk of Court: 231839

12300758

Subsection 4(1). Any such request shall be made in writing no later than 14 days following the filing of the defendant's responsive pleading, and any such motion or request for this Court's appointment of an Umpire shall be referred to the Special Master under the above captioned general docket created for the Hurricane Cases. The parties shall notify the Special Master and transmit the Umpire request to the Special Master via email at *jcpedersen@specialmasterservices.com.* The deadline may be extended by the Special Master in exceptional circumstances.

(1) An Insurer is required to provide written notice of the request to any known counsel for the Insured (or directly to an unrepresented Insured). An Insured is required to provide written notice of the request to any known counsel of Insurer (if any) or alternatively to the Insurer's primary point of contact on the claim with Insured. The appraisers previously selected by each party shall also be provided notice, and their contact information (phone and email address) shall be provided in the request for appointment of an Umpire.

(2) A written report and recommendation following the Umpire's appointment shall be issued to the parties, and shall be deemed applicable to the parties in the same manner as if made by an order of the Court unless the report and recommendation is overturned by the assigned District Judge following a motion filed with the assigned District Judge within seven days of transmittal of the written report.

(3) In an Umpire Only Filing, the Special Master shall provide the report and recommendation to the parties, who will in turn provide the same to the civil Duty Judge as of the time of the issuance of the report and recommendations. Similarly, the recommendation shall be deemed applicable to the parties in the same manner as if made by an order of the Court unless the report and recommendation is overturned by the civil Duty Judge following a motion filed with the civil Duty Judge within seven days of transmittal of the written report.

## SECTION 5. CLERK OF COURT AND NOTICE

A. Any Plaintiff filing a Hurricane Case should note on its cover letter to the Clerk, in ***all CAPS type*** and red font (if possible) that the matter is a **"HURRICANE CASE." Each caption and on each pleading, "HURRICANE CASE" in bold print shall follow the docket number.** If the Special Master learns the Order has not been entered by the Clerk of

EFILE: 01/05/2023 12:51 PM JEFF PAR 7417832 david $0.00 ::: 12300758 MORTGAGE BOOK 5014 PAGE 102

01/05/2023 12:51:22 CERTIFIED TRUE COPY - Pg:10 of 14 - Jefferson Parish Clerk of Court: 231839

Court, he shall serve it on the parties by email and may file proof of the same into the record at no cost.

B. In all Hurricane Cases, a copy of this Order shall be served on the defendant(s) along with the Petition and Citation. The Clerk of Court shall include a reference that the Case Management Order is served with the Petition in the Citation issued. The Clerk of Court shall also provide a copy to the plaintiff by any authorized means.

C. The Clerk of Court shall transmit via email, at least weekly, to the Special Master the docket numbers, case caption, and attorney contact information for any Hurricane Cases filed.

D. Any party making any filing in a Hurricane Case subject to this Order shall serve a courtesy copy on the Special Master in the same manner as enrolled counsel via email at jcpedersen@specialmasterservices.com.

## SECTION 6. COURT SUPERVISION

The Disaster Discovery Protocols and Streamlined Settlement Process shall, at all times, be subject to the ultimate control and supervision of the Court. This Case Management Order for Hurricane Cases is subject to modification pursuant to further orders of this Court. All provisions of this Order shall become effective December 1, 2022 and shall be applicable to all cases whether then pending or thereafter filed.

**DONE AND SIGNED** this 14th day of December, 2022, at Gretna, Jefferson Parish, Louisiana.

JUDGE NANCY A. MILLER
CHIEF JUDGE
DIVISION "I"

JUDGE RAYMOND S. STEIB, JR.
DIVISION "A"

JUDGE R. CHRISTOPHER COX III
DIVISION "B"

JUDGE JUNE BERRY DARENSBURG
DIVISION "C"

01/05/2023 12:51:22 CERTIFIED TRUE COPY - Pg:11 of 14 - Jefferson Parish Clerk of Court: 231839

EFILE: 01/05/2023 12:51 PM JEFF PAR 7417832 david $0.00 ::: 12300758 MORTGAGE BOOK 5014 PAGE 102





12300758

JUDGE SCOTT U. SCHLEGEL
DIVISION "D"

JUDGE FRANK A. BRINDISI
DIVISION "E"

JUDGE MICHAEL P. MENTZ
DIVISION "F"

JUDGE E. ADRIAN ADAMS
DIVISION "G"

JUDGE DONALD "CHICK" FORET
DIVISION "H"

JUDGE STEPHEN C. GREFER
DIVISION "J"

JUDGE ELLEN SHIRER KOVACH
DIVISION "K"

JUDGE DONALD A. ROWAN, JR.
DIVISION "L"

JUDGE SHAYNA BEEVERS MORVANT
DIVISION "M"

JUDGE STEPHEN D. ENRIGHT, JR.
DIVISION "N"

JUDGE DANYELLE M. TAYLOR
DIVISION "O"

JUDGE LEE V. FAULKNER, JR.
DIVISION "P"

EFILE: 01/05/2023 12:51 PM JEFF PAR 7417832 david $0.00 ::: 12300758 MORTGAGE BOOK 5014 PAGE 102

01/05/2023 12:51:22 CERTIFIED TRUE COPY - Pg:12 of 14 - Jefferson Parish Clerk of Court: 231839

**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

**IN RE: HURRICANE IDA CLAIMS**

**FILED:**____________________ ____________________
**DEPUTY CLERK**

**STIPULATION FOR MEDIATION IN STREAMLINED SETTLEMENT PROGRAM**

**IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned parties:

1. The parties have agreed to submit their dispute to mediation pursuant to the SSP, as specified in the Standing Case Management Order (and any relevant amendments).

2. No party shall be bound by anything said or done during the mediation, unless either a written and signed stipulation is executed, or the parties enter into a written and signed agreement. The appointed neutral may meet in private conference with less than all parties. Information obtained by the neutral, either in written or oral form, shall be confidential and, except as provided by Order of the Court, it shall not be revealed by the neutral unless and until the party who provided that information agrees to its disclosure.

3. The mediation process shall be considered a settlement negotiation for the purpose of all federal and state rules protecting disclosures made during such conferences from later discovery or use in evidence. The entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record. All communications, oral or written, made during the mediation by any party or a party's agent, employee, or attorney are confidential and, where appropriate, are to be considered work product and privileged. Such communications, statements, promises, offers, views and opinions shall not be subject to any discovery or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties. Provided, however, that evidence otherwise subject to discovery or admissible is not excluded from discovery or admission in evidence simply as a result of it having been used in connection with this mediation process.

EFILE: 01/05/2023 12:51 PM JEFF PAR 7417832 david $0.00 ::: 12300758 MORTGAGE BOOK 5014 PAGE 102

01/05/2023 12:51:22 CERTIFIED TRUE COPY - Pg:13 of 14 - Jefferson Parish Clerk of Court: 231839



4. The appointed neutral and his or her agents shall have the same immunity as judges and court employees have under Louisiana law and jurisprudence from liability for any act or omission in connection with the mediation, and from compulsory process to testify or produce documents in connection with the mediation.

5. The parties (i) shall not call or subpoena the appointed neutral as a witness or expert in any proceeding relating to: the mediation, the subject matter of the mediation, or any thoughts or impressions which the appointed neutral may have about the parties in the mediation, and (ii) shall not subpoena any notes, documents or other material prepared by the appointed neutral in the course of or in connection with the mediation, and (iii) shall not offer into evidence any statements, views or opinions of the appointed neutral.

6. Any party to this Stipulation is required to attend at least one mediation session and as may be directed by the Special Master as many other sessions thereafter as may be helpful in resolving this dispute.

7. An individual with final authority to settle the matter and to bind the party shall attend the mediation on behalf of each party.

Dated:________________

| | |
|---|---|
| First Plaintiff's Signature | First Defendant's Signature |
| Second Plaintiff's Signature | Second Defendant's Signature |
| Counsel for Plaintiff | Counsel for Defendant |
| Counsel for Plaintiff | Counsel for Defendant |
| Appointed Neutral | |

EFILE: 01/05/2023 12:51 PM JEFF PAR 7417832 david $0.00 ::: 12300758 MORTGAGE BOOK 5014 PAGE 102

01/05/2023 12:51:22 CERTIFIED TRUE COPY - Pg:14 of 14 - Jefferson Parish Clerk of Court: 231839

12300760

**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

FILED FOR RECORD 08/23/2023 16:03:54
Chelsea Tassin DY CLERK
JEFFERSON PARISH LA

**IN RE: HURRICANE IDA CLAIMS**

**INTERIM PROTECTIVE ORDER REGARDING CERTAIN PROPERTY DAMAGES SUITS ARISING FROM HURRICANE IDA**

The Disaster Discovery Protocols for First-Party Insurance Property Damage Cases for all cases involving first-party insurance property damage claims arising from Hurricane Ida ("Hurricane Cases") are designed to achieve more efficient and targeted discovery. Prompt entry of a protective order will allow the parties to begin exchanging documents and information without delay. This Interim Protective Order will remain in place until the parties agree to, or the Court orders, a different protective order, but absent agreement or court order, the Interim Protective Order will not apply to discovery conducted after the parties complete the Streamlined Settlement Program. The parties may agree to use the Interim Protective Order throughout litigation.

**IT IS HEREBY ORDERED** that the following restrictions and procedures apply to certain information, documents, and excerpts from documents and information the parties exchange in response to the Disaster Discovery Protocols:

1. Any party may designate as "Confidential" any document, or information contained in or revealed in a document, provided in response to these Protocols or, if applicable, in subsequent discovery, if the party determines, in good faith, that the designation is necessary to protect the party. Information and documents a party designates as confidential will be stamped "CONFIDENTIAL." Confidential information or documents are referred to collectively as "Confidential Information."

2. Unless the court orders otherwise, the Confidential Information disclosed will be held and may be used by any person receiving the information solely in this litigation.

EFILE: 01/05/2023 12:51 PM JEFF PAR 7417832 david $0.00 ::: 12300760 MORTGAGE BOOK 5014 PAGE 104

01/05/2023 12:51:22 CERTIFIED TRUE COPY - Pg:1 of 5 - Jefferson Parish Clerk of Court: 231841



12300760

3. If a party challenges another party's Confidential Information designation, counsel must make a good-faith effort to resolve the dispute. If that is unsuccessful, the challenging party may seek resolution by the Court. Nothing in this Interim Protective Order is an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and court rules.

4. Information or documents designated as "Confidential" must not be disclosed to any person, except:

   a. the requesting party and counsel, including in-house or agency counsel;

   b. employees of counsel assigned to and necessary to assist in the litigation;

   c. consultants or experts assisting in the prosecution or defense of the litigation, to the extent deemed necessary by counsel;

   d. any person from whom testimony is taken or is to be taken in this litigation, but that person may be shown the Confidential Information only in preparation for, and during, the testimony and may not retain the Confidential Information;

   e. The judge, the court staff, including the clerk, case manager, court reporter, or other person with access to Confidential Information by virtue of his or her position with the court, or the jury; and

   f. The Special Master, Deputy Special Master, and any mediator involved in resolving the case, who shall all be subject to these confidentiality provisions.

5. Before disclosing or displaying Confidential Information to any person, a party must:

   a. inform the person of the confidential nature of the information and documents; and

   b. inform the person that the court has enjoined the use of the information or documents for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

EFILE: 01/05/2023 12:51 PM JEFF PAR 7417832 david $0.00 ::: 12300760 MORTGAGE BOOK 5014 PAGE 104

01/05/2023 12:51:22 CERTIFIED TRUE COPY - Pg:2 of 5 - Jefferson Parish Clerk of Court: 231841



6. The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 4(c) and (d) only on the condition that before any such display or discussion, each person must be asked to sign an agreement to be bound by this Order in the form detailed in Section 6(a), *infra*.

6(a). The Confidentiality Agreement shall read as follows:

> I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled [CASE CAPTION] have been designated as confidential. I have been informed that any of the documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.
>
> I hereby agree that I will not disclose any information contained in the documents to any other person. I further agree not to use this information for any purpose other than this litigation.
>
> ________________ DATED: ________
> Signature of [NAME]
>
> ________________ DATED: ________
> Signature of Counsel

6(b). If the person refuses to sign an agreement in the form attached, the party seeking to disclose the Confidential Information may seek relief from the court.

7. The disclosure of a document or information without designating it as "Confidential Information" does not waive the right to designate the document or information as Confidential Information if the document or information is designated under this Order.

8. Documents or information filed with the court that is subject to confidential treatment under this Order, and any pleadings, motions, or other papers filed with the court disclosing any Confidential Information, must be filed under seal to the extent permitted by the law, rules, or court orders, and must be kept under seal until the court orders otherwise. To the extent the court requires any further act by the parties as a precondition to filing the documents or information under seal, the party filing the document or information is responsible for satisfying the requirements. If possible, only the confidential parts of documents of information filed with the court will be filed under seal.

EFILE: 01/05/2023 12:51 PM JEFF PAR 7417832 david $0.00 ::: 12300760 MORTGAGE BOOK 5014 PAGE 104

01/05/2023 12:51:22 CERTIFIED TRUE COPY - Pg:3 of 5 - Jefferson Parish Clerk of Court: 231841



12300760

9. At the conclusion of this litigation, the Confidential Information and any copies must be promptly (and in no event later than 60 days after entry of final judgment no longer subject to appeal) returned to the producing party or certified as destroyed, except that the parties' counsel may retain their working files on the condition that those files will remain confidential. Materials filed in the court will remain in the file unless the court orders their return.

10. Producing documents or information, including Confidential Information, in this litigation does not waive attorney-client privilege or work-product protection for the documents or information.

This Order does not diminish the right of any party to apply to the Court for a different or additional Protective Order relating to Confidential Information, to object to the production of documents or information, to apply to the court for an order compelling production of documents or information, or to modify this Order. Any party may seek enforcement of this Order.

**DONE AND SIGNED** this 14th day of December, 2022, at Gretna, Jefferson Parish, Louisiana.

JUDGE NANCY A. MILLER
CHIEF JUDGE
DIVISION "I"

JUDGE RAYMOND S. STEIB, JR.
DIVISION "A"

JUDGE R. CHRISTOPHER COX III
DIVISION "B"

JUDGE JUNE BERRY DARENSBURG
DIVISION "C"

JUDGE SCOTT U. SCHLEGEL
DIVISION "D"

JUDGE FRANK A. BRINDISI
DIVISION "E"

JUDGE MICHAEL P. MENTZ
DIVISION "F"

JUDGE E. ADRIAN ADAMS
DIVISION "G"

01/05/2023 12:51:22 CERTIFIED TRUE COPY - Pg:4 of 5 - Jefferson Parish Clerk of Court: 231841

EFILE: 01/05/2023 12:51 PM JEFF PAR 7417832 david $0.00 ::: 12300760 MORTGAGE BOOK 5014 PAGE 104

12300760

JUDGE DONALD "CHICK" FORET
DIVISION "H"

JUDGE STEPHEN C. GREFER
DIVISION "J"

JUDGE ELLEN SHIRER KOVACH
DIVISION "K"

JUDGE DONALD A. ROWAN, JR.
DIVISION "L"

JUDGE SHAYNA BEEVERS MORVANT
DIVISION "M"

JUDGE STEPHEN D. ENRIGHT, JR.
DIVISION "N"

JUDGE DANYELLE M. TAYLOR
DIVISION "O"

JUDGE LEE V. FAULKNER, JR.
DIVISION "P"

EFILE: 01/05/2023 12:51 PM JEFF PAR 7417832 david $0.00 ::: 12300760 MORTGAGE BOOK 5014 PAGE 104

Interim Protective Order for Disaster Discovery Protocols
Hurricane Ida Litigation
5

SEAL OF THE CLERK OF COURT
PARISH OF JEFFERSON
LOUISIANA
JON A. GEGENHEIMER

01/05/2023 12:51:22 CERTIFIED TRUE COPY - Pg:5 of 5 - Jefferson Parish Clerk of Court: 231841

12300759

**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

FILED FOR RECORD 08/23/2023 16:03:30
Chelsea Tassin DY CLERK
JEFFERSON PARISH LA

**IN RE: HURRICANE IDA CLAIMS**

**FILED:____________________**

**____________________
DEPUTY CLERK**

**STANDING ORDER FOR DISASTER DISCOVERY PROTOCOLS IN CERTAIN PROPERTY DAMAGE SUITS ARISING FROM HURRICANE IDA**

This Court hereby issues the following Standing Order establishing protocols for discovery ("Disaster Discovery Protocols") for all cases involving first-party insurance property damage claims arising from Hurricane Ida ("Hurricane Cases"),

**IT IS ORDERED** that within forty-five (45) days after the defendant's submission of a responsive pleading or motion, the parties must exchange any documents or information listed in these Disaster Discovery Protocols, for any such time periods identified in these Disaster Discovery Protocols.

**IT IS FURTHER ORDERED** that all parties shall remain under an ongoing duty to supplement their responses. No extension or delay in the time to file responsive pleadings shall extend the Disclosure Deadline to more than seventy (75) days from the original deadline to file responsive pleadings unless the extension is by the consent of all parties or pursuant to an express Order of this Court. Nothing in this Section prevents other discovery in accordance with the provisions of the Code of Civil Procedure except the restriction on subpoenas and subpoenas duces tecum articulated in Section 1 of the Standing Case Management Order Regarding Certain Property Damages Suits Arising From Hurricane Ida issued on December 14, 2022.

EFILE: 01/05/2023 12:51 PM JEFF PAR 7417832 david $0.00 ::: 12300759 MORTGAGE BOOK 5014 PAGE 103

01/05/2023 12:51:22 CERTIFIED TRUE COPY - Pg:1 of 10 - Jefferson Parish Clerk of Court: 231840

**IT IS FURTHER ORDERED** that a party may object to disclosure of these Disaster Discovery Materials only if the material is Privileged as that term is defined herein. Any party withholding disclosure of any information or documents, where said disclosure is required pursuant to the Disaster Protocols, shall produce a privilege log to opposing counsel on or before the Disclosure Deadline. This privilege log shall detail all information or documents that it declined to produce on the basis that the material is privileged. The log should include the author of the document, the recipient of the document, the date of the document, and the nature of the privilege asserted.

Any dispute concerning privileged items shall be resolved by contradictory motion before the assigned District Judge. The District Judge may direct that the disputed items be provided to the Court for *in camera* inspection prior to the hearing of the motion.

**IT IS FURTHER ORDERED** that on belief of a party that good cause exists as to why a particular case should be exempted from the Disaster Protocols, in whole or in part, that party must file their objection with the Court prior to the expiration of the 45-day period set forth herein.

**DISASTER DISCOVERY PROTOCOLS**

**PART 1: INTRODUCTION AND DEFINITIONS.**

(1) Statement of purpose.

a. These Disaster Discovery Protocols apply to cases involving first-party insurance property damage claims arising from natural disasters ("Disaster Cases"). The Disaster Protocols are designed to be implemented by trial judges, lawyers, and litigants in state and federal courts. The Disaster Protocols make it easier and faster for the parties and their counsel to: (1) exchange important information and documents early in the case; (2) frame the issues to be resolved; (3) value the claims for possible early resolution; and (4) plan for more efficient and targeted subsequent formal discovery, if needed.

b. The Disaster Protocols are not intended to preclude or modify any party's rights to formal discovery as provided by law or other

EFILE: 01/05/2023 12:51 PM JEFF PAR 7417832 david $0.00 ::: 12300759 MORTGAGE BOOK 5014 PAGE 103

JON A. GEGENHEIMER

01/05/2023 12:51:22 CERTIFIED TRUE COPY - Pg:2 of 10 - Jefferson Parish Clerk of Court: 231840

12300759

applicable rules. Responses to the Disaster Protocols do not waive or foreclose a party's right to seek additional discovery under the applicable rules.

c. Except as modified by the Court, these Disaster Discovery Protocols were prepared by a balanced group of highly experienced attorneys from across the country with expertise in Disaster Cases. The Disaster Protocols require parties to exchange information and documents routinely requested in every disaster case. The information and documents required to be produced includes favorable as well as unfavorable information and documents, is limited to information and documents that are not subject to objection, and is limited to the information and documents most likely to be important and useful in facilitating early settlement discussion and resolving or narrowing the issues.

(2) Definitions. The following definitions apply to these Disaster Discovery Protocols:

a. ***Claimed loss***. "Claimed Loss" means the loss or damage that the Insured seeks to recover from the Insurer in the litigation.

b. ***Document***. "Document" and '·documents" are defined to be synonymous in meaning and equal in scope to the phrase "documents or electronically stored information" in FRCP 34(a)(I )(A) or similar state rules. A draft of a document or a nonidentical copy is a separate document.

c. ***Event***. "Event" means the disaster alleged to have caused the Insured's Claimed Loss.

d. ***Identify (Documents).*** When referring to documents, to "identify" means to describe, to the extent known: (i) the type of document; (ii) the general subject matter; (iii) the date; (iv) the author(s), according to the document; and (v) the person(s) to whom, according to the document, the document (or a copy) was to have been sent. Alternatively, to "identify" a document means to produce a copy.

e. ***Identify (Natural Persons).*** When referring to natural persons, to "identify" means to give the person's: (i) full name; (ii) present or last known address and telephone number; (iii) email address; (iv) present or last known place of employment; (v) present or last known job title; and (vi) relationship, if any, to the parties. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent requests to identify that person.

f. ***Identify (Non-Natural Persons or Entities).*** When referring to a corporate entity, partnership, or other unincorporated association, to "identify" means to give the: (i) corporate or entity name and, if known, the trade or other names under which it has done business during the relevant time period; (ii) state of incorporation or registration; (iii) address of its principal place of business; (iv) primary phone number; and (v) internet address. Once a corporate or other

EFILE: 01/05/2023 12:51 PM JEFF PAR 7417832 david $0.00 ::: 12300759 MORTGAGE BOOK 5014 PAGE 103

01/05/2023 12:51:22 CERTIFIED TRUE COPY - Pg:3 of 10 - Jefferson Parish Clerk of Court: 231840

business entity has been identified in accordance with this subparagraph, only the name of that entity needs to be listed in response to subsequent requests to identify that entity.

g. ***Insurer.*** "Insurer" means any person or entity alleged to have insured the Property that is the subject of the operative complaint, unless otherwise specified.

h. ***Insured.*** "Insured" means any named individual(s), corporate entity(ies), partnership(s), or other unincorporated association(s) alleging property damage as an Insured in the litigation, or asserting a claim under an assignment.

i. ***Loss.*** "Loss" means damage to the Property caused by the Event.

j. ***Other Insurance.*** "Other Insurance" means any insurance policy, other than the Policy in force on the date of the Event, that covers or potentially covers the Property or the Claimed Loss.

k. ***Policy.*** "Policy" means the insurance policy alleged to cover some or all of Insured's Claimed Loss that is the subject of the Insured's claim in the litigation.

l. ***Privilege.*** "Privilege" means information and documents that are protected from disclosure by the attorney-client privilege, or work-product protection, including any joint defense agreement. privilege may properly be asserted include communications that reflect the mental impressions, conclusions, opinions, or theories of an attorney. Documents routinely prepared in the ordinary course of business, including but not limited to adjusters' reports, and other expert analyses, including draft reports, are not privileged and should be produced.

m. ***Property.*** "Property" means the property (building or contents) that the Insured claims coverage for under the Policy in the litigation.

n. ***Relating to.*** "Relating to" means concerning, referring, describing, evidencing, or constituting.

(3) Instructions.

a. The relevant time period for this Disaster Discovery begins on the date immediately before the Event and ends on the date the lawsuit is filed for the Claimed Loss, unless a different time period is indicated with respect to a specific production obligation as set out inPart 2 or Part 3 below.

b. This Disaster Discovery is presumptively not subject to any objections except for attorney-client privilege or work-product protection, including a joint defense agreement. Documents withheld based on a privilege or work-product protection claim are subject to expressly making the claim. A detailed privilege log is required as specified in this Order or any subsequent Orders of the Court, otherwise documents withheld as privileged or work-product protected communications may be described briefly by category or type. Withholding documents on this basis does not alleviate any obligation to produce the withheld documents or additional information about them at a later date, if the Court orders or the applicable rules require production.

01/05/2023 12:51:22 CERTIFIED TRUE COPY - Pg:4 of 10 - Jefferson Parish Clerk of Court: 231840

EFILE: 01/05/2023 12:51 PM JEFF PAR 7417832 david $0.00 ::: 12300759 MORTGAGE BOOK 5014 PAGE 103

c. If a partial or incomplete or "unknown at this time" answer or production is given to any disclosure requirement in these Disaster Discovery Protocols, the responding party must state the reason that the answer or production is partial, incomplete, or unknown and when supplemental information or documents providing a complete response will be produced.

d. For this Disaster Discovery, a party must disclose information and documents that the disclosing party has in its possession, custody, or control and that are reasonably available. This Disaster Discovery is subject to obligations on supplementation and relevant requirements concerning certification of responses. This Initial Discovery does not preclude either party from seeking additional discovery at a later date.

e. This Disaster Discovery is subject to the attached Interim Protective Order unless the parties agree or the court orders otherwise. The Interim Protective Order will remain in place until and unless the parties agree on, or the court orders, a different protective order. Absent party agreement or court order, the Interim Protective Order does not apply to subsequent discovery.

f. Within 14 days after the filing of a responsive pleading by the responding party, the Parties shall meet and confer on the format (e.g., searchable PDF, Excel spreadsheet) for the production of documents under these Disaster Protocols. This will not delay the timeframes for Initial Discovery, absent court order. Nor will production in one format preclude requesting production in another format, if applicable rules of discovery allow.

**PART 2: INFORMATION AND DOCUMENTS TO BE PRODUCED BY THE INSURED**

(1) Timing.

Unless the Court orders otherwise, the Insured's Initial Discovery responses must be provided within 45 days after the Insurer has submitted a responsive pleading or motion (its first filing in this Court.)

(2) Information to be produced by the Insured:

a. A description of the Insured's ownership or other interest in the Property.

b. The address of the Property (or location of movable Property) on the date of the Event.

c. The name of each Insurer and all policy numbers for each Policy or Other Insurance held by or potentially benefitting the Insured or the Property on the date of the loss, including relevant policy and claim numbers for any claims.

d. Identify any current mortgagee or other known lien holder.

e. A computation of each item or type of Claimed Loss, including contents claims if in dispute. When the Policy requires, the computation should reasonably identify or itemize price and quantity of materials.

EFILE: 01/05/2023 12:51 PM JEFF PAR 7417832 david $0.00 ::: 12300759 MORTGAGE BOOK 5014 PAGE 103

01/05/2023 12:51:22 CERTIFIED TRUE COPY - Pg:5 of 10 - Jefferson Parish Clerk of Court: 231840

12300759

f. Identify any payments received under the Policy relating to the Event. Identify the source and amount of any payments received after the Event from Other Insurance, or any other source, for all or any part of the Loss.

g. Identify any grant or other similar program that the Insured applied for after the Event, including a Small Business Administration loan, seeking payment for all or any part of the Loss.

h. Identify the public or other adjusters, estimators, inspectors, contractors, engineers, or other persons engaged by or on behalf of the Insured relating to the Claimed Loss.

i. With respect to any Other Insurance, all policy numbers, the name of each insurer, and claim and docket numbers for any claims madefor coverage by the Insured on the same Property at issue in this litigation.

j. Identify the source and amount of any payments received after the Event from Other Insurance, or any other source, for all or any part of the Loss.

k. A general description, including the court and docket number, of any other lawsuits arising from the Event relating to the Property.

l. A general description of any known preexisting damage to the Property relating to the Claimed Loss.

m. A general description of any claims for property damage or lawsuits resulting from property damage in the past ten years relating to the Property.

n. Identify any sale, transfer, or foreclosure of the Property after the Event.

(3) Complete and unaltered copies of the following documents to be produced by the Insured:

a. Documents relating to the Claimed Loss, including: loss estimates; adjuster's reports; engineering reports; contractor's reports; estimates, bids, plans, or specifications regarding repair work (whether planned, in progress, or completed); photographs; videos; or other materials relating to the Claimed Loss, along with any receipts, invoices, and other records of actual costs to repair or replace the Claimed Loss. This shall include all reports or analyses, including draft reports, prepared on behalf of Insured.

b. Proofs of loss for the Claimed Loss.

c. Documents relied on by the Insured in generating any proof of loss required or provided under the Policy.

d. Written communications exchanged between the Insured and Insurer that refer or relate to Insured' s Claimed Loss, the Property, or damages, or otherwise relating to the Insured' s claim.

e. Photographs and videos of the Property taken for the purpose of documenting the condition of the Property, including photographs and videos of the Loss.

EFILE: 01/05/2023 12:51 PM JEFF PAR 7417832 david $0.00 ::: 12300759 MORTGAGE BOOK 5014 PAGE 103

01/05/2023 12:51:22 CERTIFIED TRUE COPY - Pg:6 of 10 - Jefferson Parish Clerk of Court: 231840

f. Written communications, photographs, or estimates of damages sought from or paid by any other insurer related to the Event.

g. The insurance policy with respect to any Other Insurance, and the claim numbers for claims made to recover Loss to the Property relating to the Event.

h. Appraisals or surveys of the Property condition within five years before, or any time after, the Event.

i. If there has been an appraisal under the Policy, documents relating to the appraisal process.

j. Any other document(s) on which the Insured relies to support the Claimed Loss.

**PART 3: INFORMATION AND DOCUMENTS TO BE PRODUCED BY THE INSURER.**

(1) Timing.

Unless the court orders otherwise, the Insurer's Initial Discovery responses must be provided within 45 days after the Insurer has submitted a responsive pleading or motion (its first filing in this Court in response or answer to the plaintiffs claim). The disclosures related to Insurers and the use of the term "Insurer" under this Part shall extend to anyone acting for or on behalf of the Insurer in relation to the claim of the Insured, including the employees, contractors, and agents of either the Insurer or anyone providing services to the Insurer related to the Insured's claim or Claimed Loss.

(2) Information to be produced by the Insurer:

a. **If there is a dispute over coverage**, in whole or in part, an explanation of the Insurer's reason for the denial of coverage, including:
   i. Any exclusions or exceptions, or other coverage or legal defenses;
   ii. The factual basis for any exclusion, limitation, exception, or condition-based dispute or defense;
   iii. Whether there is also a dispute as to the value or amount of the Claimed Loss;
   iv. Any other basis on which coverage was denied.

b. **If there is a dispute over all or part of the valuation**, an explanation of the Insurer's basis for disputing the value or amount of the Claimed Loss, including:
   i. The Insurer's understanding of the nature of the dispute;
   ii. The amount the Insurer disputes and the basis for that dispute, including any applicable Policy provisions that the Insurer alleges or believes are relevant to the dispute; and
   iii. The amount the Insurer agrees to pay, if any, with respect to any undisputed part of the Claimed Loss.

c. Any Policy terms or conditions that the Insurer alleges the Insured failed to comply with, including conditions precedent or other terms.

EFILE: 01/05/2023 12:51 PM JEFF PAR 7417832 david $0.00 ::: 12300759 MORTGAGE BOOK 5014 PAGE 103

01/05/2023 12:51:22 CERTIFIED TRUE COPY - Pg:7 of 10 - Jefferson Parish Clerk of Court: 231840

12300759

d. Any payments previously made under the Policy relating to the Event.

e. A general description of any other basis for nonpayment of the Claimed Loss, in whole or in part.

f. Any other Event-related lawsuits filed for the Property or the Insured.

g. Identify the adjuster(s) who handled the claim.

h. Identify the individual(s) who evaluated, recommended, made, approved, or rejected the claims decision.

i. Identify the field personnel, estimators, inspectors, contractors, engineers, or other persons who participated in any investigation of the claims or the claims process, had any part relating to Insurer's evaluation process for the claims, or upon who the Insurer relied upon or received information from concerning Insurer's evaluation process or claim decision; and identify anyone who had any role in drafting, editing, reviewing, or approving any report(s), evaluation(s), or inspection(s) on behalf of Insurer involving the Insured's claim.

j. If preexisting damage is at issue in the litigation, a general description of any prior claims in the past ten years for the Property.

(4) Complete and unaltered copies of the following documents to be produced by the Insurer:

a. The entire claim file maintained by the Insurer.

b. The complete Policy in effect at the time of the Event.

c. Assessments of the Claimed Loss, including: loss reports, expert reports that contain any description or analysis of the scope of loss or any defenses under the Policy, damage assessments, adjuster's reports, engineering reports, contractor's reports, and estimates of repair or replacement. This shall include all reports or analyses, including all drafts, prepared as part of the evaluation or claims process involving Insured's claim by Insurer, or documents or records reviewed in any way in connection with Insurer's handling of the claim.

d. Photographs and videos of the Property taken for the purpose of documenting the condition of the Property, including photographs and videos of the Claimed Loss.

e. Any other evaluations of the Claimed Loss.

f. Documents containing recordings, transcripts, or notes of statements, conversations, or communications by or between the Insurer and the Insured relating to the Event.

g. Any claim log, journal, diary, or record maintained by the Insurer relating to the Claimed Loss. This includes all written records, written communications, records of oral communications, reports, audits, or other records, including any documents, envelopes, logs or other documents evidencing when Insurer came into possession of any such records, regarding any aspect of the Insured's claim or that are in any way relating to the Insurer's investigation into the Claimed

EFILE: 01/05/2023 12:51 PM JEFF PAR 7417832 david $0.00 ::: 12300759 MORTGAGE BOOK 5014 PAGE 103

01/05/2023 12:51:22 CERTIFIED TRUE COPY - Pg:8 of 10 - Jefferson Parish Clerk of Court: 231840



12300759

Loss, Insurer's processing of Insured's claim (including adjustment, evaluation, and handling), or Insurer's claim decision.

h. The complete underwriting file maintained by the Insurer relating to the Property, its conditions, or coverage.

i. Proofs of loss for the Claimed Loss.

j. If there has been an appraisal under the Policy, all documents relating to the appraisal process.

k. Any manuals, policies, directives, guidelines, instructions (whether written, electronic, or otherwise), literature, or similar written materials that would pertain to the Claimed Loss, Hurricane or to similar types of claims, generally such that they would therefore be applicable to the Hurricane Case including the Insured's claim. This includes any document that Insurer relied upon, or intends to rely upon, pertaining to industry guidelines, standard practices, or recommended practices for adjusting first party claims.

l. For non-NFIP Claims, written communications exchanged between the Insured and Insurer that refer or relate to Insured's Claimed Loss, Property, or damages, or otherwise relating to the Insured's claim.

m. Any other document(s) on which the Insurer relies to support its defenses.

**DONE AND SIGNED** this 14th day of December, 2022, at Gretna, Jefferson Parish, Louisiana.

JUDGE NANCY A. MILLER
CHIEF JUDGE
DIVISION "I"

JUDGE RAYMOND S. STEIB, JR.
DIVISION "A"

JUDGE R. CHRISTOPHER COX III
DIVISION "B"

JUDGE JUNE BERRY DARENSBURG
DIVISION "C"

JUDGE SCOTT U. SCHLEGEL
DIVISION "D"

JUDGE FRANK A. BRINDISI
DIVISION "E"

JUDGE MICHAEL P. MENTZ
DIVISION "F"

JUDGE E. ADRIAN ADAMS
DIVISION "G"

01/05/2023 12:51:22 CERTIFIED TRUE COPY - Pg:9 of 10 - Jefferson Parish Clerk of Court: 231840

EFILE: 01/05/2023 12:51 PM JEFF PAR 7417832 david $0.00 ::: 12300759 MORTGAGE BOOK 5014 PAGE 103



JUDGE DONALD "CHICK" FORET
DIVISION "H"

JUDGE STEPHEN C. GREFER
DIVISION "J"

JUDGE ELLEN SHIRER KOVACH
DIVISION "K"

JUDGE DONALD A. ROWAN, JR.
DIVISION "L"

JUDGE SHAYNA BEEVERS MORVANT
DIVISION "M"

JUDGE STEPHEN D. ENRIGHT, JR.
DIVISION "N"

JUDGE DANYELLE M. TAYLOR
DIVISION "O"

JUDGE LEE V. FAULKNER, JR.
DIVISION "P"

EFILE: 01/05/2023 12:51 PM JEFF PAR 7417832 david $0.00 ::: 12300759 MORTGAGE BOOK 5014 PAGE 103

01/05/2023 12:51:22 CERTIFIED TRUE COPY - Pg:10 of 10 - Jefferson Parish Clerk of Court: 231840



12325320

FILED FOR RECORD 08/23/2023 16:04:23
Chelsea Tassin DY CLERK
JEFFERSON PARISH LA

**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

**IN RE: HURRICANE IDA CLAIMS**

**FILED:____________________** **____________________**
**DEPUTY CLERK**

**STANDING CASE MANAGEMENT ORDER REGARDING CERTAIN PROPERTY DAMAGES SUITS ARISING FROM HURRICANE IDA, EXHIBIT A: LIST OF APPOINTED NEUTRALS**

**IT IS HEREBY ORDERED** that the following individuals shall supplement and comprise the Appointed Neutrals referenced in the Standing Case Management Order, Section 3(B)(2)(a), *infra*, and are hereby appointed and shall proceed with all reasonable diligence and shall exercise their rights and responsibilities under the Streamlined Settlement Process ("SSP") as the Special Master may direct.

(2) **Approved Neutrals.** The Court hereby designates and appoints the following individuals as "neutrals" (mediators) for the SSP:

(a) Any person designated by the Special Master after consultation with the Court who is qualified pursuant to R.S. 13:4165(F)(5)(6), including:

| | |
|---|---|
| Hon. Carolyn Gill-Jefferson (ret.) | Hon. "Rusty" Knight (ret.) |
| Hon. Cornelius Regan (ret.) | Hon.Ronald J. Sholes (ret.) |
| Hon. Franz Zibilich (ret.) | Ashley Bass, Esq. |
| Jacques Bezou, Esq. | Hon. Glenn Ansardi (ret.) |
| Blair C. Constant, Esq. | Robert Raymond, Esq. |
| Michelle Craig, Esq. | Bobby M. Harges, Esq. |
| Fred Herman, Esq. | Ross Legarde, Esq. |
| Donald Massey, Esq. | Jonathan Pedersen, Esq. |
| Roger A. Javier, Esq. | Chadwick J. Mollere, Esq. |
| Ronald L. Faia, Jr., Esq. | Brian Reuter, Esq. |
| Joseph Hassinger, Esq. | Brigid Collins, Esq. |
| Stacy Palowsky, Esq. | Charles Cusimano, IV, Esq. |
| Christy Remy, Esq. | Harold Adkins, Esq. |
| David Bienvenu, Esq. | Mark Tauzier, Esq. |
| Jack Morris, Esq. | Lacy Smith, Esq. |
| Dustin Carter, Esq. | Eric Nowak, Esq. |

EFILE: 06/13/2023 11:07 AM JEFF PAR 7580166 david $0.00 ::: 12325320 MORTGAGE BOOK 5033 PAGE 85

06/13/2023 11:07:16 CERTIFIED TRUE COPY - Pg:1 of 3 - Jefferson Parish Clerk of Court: 2371148



(b) Any person designated as a neutral pursuant to any Case Management Order that the U.S. District Court for the Eastern District of Louisiana may enter in connection with Hurricane Ida cases.

**DONE AND SIGNED** this 26th day of April, 2023, at Gretna, Jefferson Parish, Louisiana.

JUDGE NANCY A. MILLER
CHIEF JUDGE
DIVISION "I"

JUDGE RAYMOND S. STEIB, JR.
DIVISION "A"

JUDGE R. CHRISTOPHER COX
DIVISION "B"

JUDGE JUNE BERRY DARENSBURG
DIVISION "C"

JUDGE SCOTT U. SCHLEGEL
DIVISION "D"

JUDGE FRANK A. BRINDISI
DIVISION "E"

JUDGE MICHAEL P. MENTZ
DIVISION "F"

JUDGE E. ADRIAN ADAMS
DIVISION "G"

JUDGE DONALD "CHICK" FORET
DIVISION "H"

JUDGE STEPHEN C. GREFER
DIVISION "J"

EFILE: 06/13/2023 11:07 AM JEFF PAR 7580166 david $0.00 ::: 12325320 MORTGAGE BOOK 5033 PAGE 85

06/13/2023 11:07:16 CERTIFIED TRUE COPY - Pg:2 of 3 - Jefferson Parish Clerk of Court: 2371148



| | |
|---|---|
| JUDGE ELLEN SHIRER KOVACH<br>DIVISION "K" | JUDGE DONALD A. ROWAN, JR.<br>DIVISION "L" |
| JUDGE SHAYNA BEEVERS MORVANT<br>DIVISION "M" | JUDGE STEPHEN D. ENRIGHT, JR.<br>DIVISION "N" |
| JUDGE DANYELLE M. TAYLOR<br>DIVISION "O" | JUDGE LEE V. FAULKNER, JR.<br>DIVISION "P" |

EFILE: 06/13/2023 11:07 AM JEFF PAR 7580166 david $0.00 ::: 12325320 MORTGAGE BOOK 5033 PAGE 85

06/13/2023 11:07:16 CERTIFIED TRUE COPY - Pg:3 of 3 - Jefferson Parish Clerk of Court: 2371148



**Chelsea Tassin**

| | |
|---|---|
| **From:** | Chelsea Tassin |
| **Sent:** | Wednesday, August 23, 2023 4:09 PM |
| **To:** | skye@gmhatlaw.com |
| **Subject:** | com_92e8036b684c41ff94f1c961480359a9.pdf |
| **Attachments:** | com_92e8036b684c41ff94f1c961480359a9.pdf |

Please find attached copies of the following exhibits filed into

Case # 845-355 , Division : O

**1) STANDING CASE MANAGEMENT ORDER REGARDING CERTAIN PROPERTY DAMAGES SUITS ARISING FROM HURRICANE IDA**

**2) STANDING ORDER FOR DISASTER DISCOVERY PROTOCOLS IN CERTAIN PROPERTY DAMAGE SUITS ARISING FROM HURRICANE IDA**

**3) INTERIM PROTECTIVE ORDER REGARDING CERTAIN PROPERTY DAMAGES SUITS ARISING FROM HURRICANE IDA**

**4) STANDING CASE MANAGEMENT ORDER REGARDING CERTAIN PROPERTY DAMAGES SUITS ARISING FROM HURRICANE IDA EXHIBIT A: LIST OF APPOINTED NEUTRALS**

Thank you,

**Mandy Plaisance**
*Civil Minute Clerk, Div. "I"*
*24th Judicial District Court Div. "I"*
*Jefferson Parish Clerk of Court*
Thomas F. Donelon Courthouse
200 Derbigny St. Ste. 3600
Gretna LA 70053
Phone: (504) 364-3912
Fax: (504) 364-3780

Please be advised that any information provided to the Jefferson Parish Clerk of Court may be subject to disclosure under the Louisiana Public Records Law. Information contained in any correspondence, regardless of its source, may be a public record subject to public inspection and reproduction in accordance with the Louisiana Public Records Law, La. Rev. Stat. 44:1 et seq.

This message is intended only for the use of the individual or entity to which it is addressed. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender of this e-mail or by telephone.

(101) CITATION: PETITION FOR DAMAGES; VERIFICATION/ REQUEST FOR NOTICE/ EXHIBIT- STANDING CASE MANAGEMENT ORDER/ EXHIBIT- ORDER FOR DISCOVERY PROTOCOLS/ EXHIBIT- INTERIM PROTECTIVE ORDER/ EXHIBIT- STANDING CASE MANAGEMENT ORDER-EXHIBIT A

231012-0437-0

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

GEORGE JOSEPH ASSETS, LLC
versus
WESTCHESTER SURPLUS LINES INSURANCE COMPANY

Case: 845-355 Div: "O"
P 1 GEORGE JOSEPH ASSETS, LLC

To: WESTCHESTER SURPLUS INSURANCE COMPANY
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS:
LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVENUE
BATON ROUGE LA 70809

SOS CK #50822 $50.00
EBR CK #50821 $40.44

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR DAMAGES/ VERIFICATION/ REQUEST FOR NOTICE of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within **TWENTY-ONE (21) CALENDAR** days after the service hereof, under penalty of default.

This service was requested by attorney SKYE S. FANTACI and was issued by the Clerk of Court on the 12th day of October, 2023.

/s/ Karen F Mcevers
Karen F Mcevers, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

SERVICE INFORMATION

(101) CITATION: PETITION FOR DAMAGES; VERIFICATION/ REQUEST FOR NOTICE/ EXHIBIT- STANDING CASE MANAGEMENT ORDER/ EXHIBIT- ORDER FOR DISCOVERY PROTOCOLS/ EXHIBIT- INTERIM PROTECTIVE ORDER/ EXHIBIT- STANDING CASE MANAGEMENT ORDER-EXHIBIT A

231012-0437-0

Received:____________ Served:____________ Returned:____________

Service was made:
___ Personal ___ Domicilary ____________________

Unable to serve:
___ Not at this address
___ Vacant
___ Moved
___ No such address
___ Other ________________________
___ Numerous attempts _____ times
___ Received too late to serve
___ No longer works at this address
___ Need apartment / building number

Service: $__________ Mileage: $__________ Total: $__________

Completed by:______________________________ # ___________
Deputy Sheriff

Parish of: ______________________________

Imaged 10/12/2023 09:19 - Signed: Deputy Clerk of Court /s/ Karen F Mcevers

(101) CITATION: PETITION FOR DAMAGES; VERIFICATION/ REQUEST FOR NOTICE/ EXHIBIT- STANDING CASE MANAGEMENT ORDER/ EXHIBIT- ORDER FOR DISCOVERY PROTOCOLS/ EXHIBIT- INTERIM PROTECTIVE ORDER/ EXHIBIT- STANDING CASE MANAGEMENT ORDER-EXHIBIT A

231012-0438-8

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

GEORGE JOSEPH ASSETS, LLC
versus
WESTCHESTER SURPLUS LINES INSURANCE COMPANY

Case: 845-355 Div: "O"
P 1 GEORGE JOSEPH ASSETS, LLC

To: WESTCHESTER SURPLUS INSURANCE COMPANY
THROUGH MR PAUL BECH ESQ
ASSOCIATE GENERAL COUNSEL CHUBB
436 WALNUT STREET
PHILADELPHIA PA 19106-3703

LA Long Arm

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR DAMAGES/ VERIFICATION/ REQUEST FOR NOTICE of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within **THIRTY (30) CALENDAR** days after the return of service hereof, under penalty of default.

This service was requested by attorney SKYE S. FANTACI and was issued by the Clerk of Court on the 12th day of October, 2023.

/s/ Karen F Mcevers
Karen F Mcevers, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

SERVICE INFORMATION

(101) CITATION: PETITION FOR DAMAGES; VERIFICATION/ REQUEST FOR NOTICE/ EXHIBIT- STANDING CASE MANAGEMENT ORDER/ EXHIBIT- ORDER FOR DISCOVERY PROTOCOLS/ EXHIBIT- INTERIM PROTECTIVE ORDER/ EXHIBIT- STANDING CASE MANAGEMENT ORDER-EXHIBIT A

231012-0438-8

Received:____________ Served:____________ Returned:____________

Service was made:
___ Personal ___ Domicilary ______________________

Unable to serve:
___ Not at this address
___ Vacant
___ Moved
___ No such address
___ Other ______________________
___ Numerous attempts _____ times
___ Received too late to serve
___ No longer works at this address
___ Need apartment / building number

Service: $__________ Mileage: $__________ Total: $__________

Completed by:______________________________ # ____________
Deputy Sheriff

Parish of: ______________________________

Imaged 10/12/2023 09:26 - Signed: Deputy Clerk of Court /s/ Karen F Mcevers

[SERVICE COPY] [RETURN COPY]

(101) CITATION: PETITION FOR DAMAGES; VERIFICATION/ REQUEST FOR NOTICE/ EXHIBIT- STANDING CASE MANAGEMENT ORDER/ EXHIBIT- ORDER FOR DISCOVERY PROTOCOLS/ EXHIBIT- INTERIM PROTECTIVE ORDER/ EXHIBIT- STANDING CASE MANAGEMENT ORDER-EXHIBIT A

231012-0437-0

FILED FOR RECORD 10/26/2023 15:28:52
Deborah A. Bolotte DY CLERK
JEFFERSON PARISH LA

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

GEORGE JOSEPH ASSETS, LLC
versus
WESTCHESTER SURPLUS LINES INSURANCE COMPANY

Case: 845-355 Div: "O"
P 1 GEORGE JOSEPH ASSETS, LLC

To: WESTCHESTER SURPLUS INSURANCE COMPANY
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS:
LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVENUE
BATON ROUGE LA 70809

SOS CK #50822 $50.00
EBR CK #50821 $40.44

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR DAMAGES/ VERIFICATION/ REQUEST FOR NOTICE of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within **TWENTY-ONE (21) CALENDAR** days after the service hereof, under penalty of default.

This service was requested by attorney SKYE S. FANTACI and was issued by the Clerk of Court on the 12th day of October, 2023.

/s/ Karen F Mcevers
Karen F Mcevers, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

SERVICE INFORMATION

(101) CITATION: PETITION FOR DAMAGES; VERIFICATION/ REQUEST FOR NOTICE/ EXHIBIT- STANDING CASE MANAGEMENT ORDER/ EXHIBIT- ORDER FOR DISCOVERY PROTOCOLS/ EXHIBIT- INTERIM PROTECTIVE ORDER/ EXHIBIT- STANDING CASE MANAGEMENT ORDER-EXHIBIT A

231012-0437-0

Received:__________ Served:__________ Returned:__________

Service was made:
___ Personal ___ Domicilary __________________

Unable to serve:
___ Not at this address ___ Numerous attempts _____ times
___ Vacant ___ Received too late to serve
___ Moved ___ No longer works at this address
___ No such address ___ Need apartment / building number
___ Other ______________________________

Service: $__________ Mileage: $__________ Total: $__________

Completed by:______________________________ # __________
Deputy Sheriff

Parish of: ______________________________

RECEIVED
OCT 21 2023
E.B.R. SHERIFF'S OFFICE

I made service on the named party through the Office of the Secretary of State on OCT 23 2023 by tendering a copy of this document to JULIE NESBITT

DY. B. GARAFOLA #0577
Deputy Sheriff, Parish of East Baton Rouge